UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL DAVITT, | ) | |
| Petitioner, | ) | 3:07-cv-0058-HDM-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

This is an action on a *pro se* petition for writ of habeas corpus, by Michael Davitt, a prisoner at Ely State Prison. On November 19, 2007, this Court construed petitioner's notice of appeal as an application for a certificate of appealability, and denied the application. (Docket #21). The notice of appeal was transmitted to the Ninth Circuit Court of Appeals on November 19, 2007. (Docket #22).

On December 3, 2007, petitioner filed a motion for reconsideration of this Court's order denying the application for a certificate of appealability. (Docket #24). Plaintiff has since filed two motions for status checks. (Docket #25 and #26).

Where a ruling has resulted in final judgment or order, a motion for reconsideration

may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). In the instant case, petitioner has failed to convince this Court of any reason to reconsider its order of November 19, 2007, denying the application for a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (Docket #24) is **DENIED.**

1  **IT IS FURTHER ORDERED** that petitioner's motions for a status check (Docket #25 and #26) are **GRANTED**, inasmuch as this order updates petitioner as to the status of this case.

DATED this 30th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE